In the
# United States District Court
For the
Eastern District of Wisconsin

Ryan Richeson and
JRSCE Holdings, LLC,

Plaintiffs,

v. Case No. 26-1951

Town of Hortonia,

Defendant.

# COMPLAINT

## I. NATURE OF ACTION

101. This is a civil rights action under the 42 U.S.C. Sec. 1983, the First Amendment to the United States Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution that seeks relief for the retaliatory and discriminatory enforcement of the Defendant town's ordinances against the Plaintiffs.

## II. JURISDICTION AND VENUE

201. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(3) (42 U.S.C. § 1983 jurisdiction).

202. The Eastern District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III. PARTIES

### A. Plaintiffs

301. The Plaintiff, Ryan Richeson, is a natural person and an adult with the capacity to sue and be sued in this Court.

302. The Plaintiff, and JRSCE Holdings, LLC, is a business entity with the capacity to sue and be sued in this Court.

### B. Defendants

303. Defendant Town of Hortonia, is a Wisconsin town with the capacity to sue and be sued in this Court. Defendant Town of Hortonia is liable for the unlawful acts of the individual Defendants because they were acting within the scope of their employment within the meaning of Sec. 895.46, Wis. Stats.

## IV. ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

### A. The Plaintiffs Buy Land in the Town of Hortonia.

401. In or around March 2019, Plaintiff Ryan Richeson contacted officials with the Town of Hortonia, specifically Zoning Administrator Jeffery Sanders and Town Clerk Lyn Marie Neuenfeldt, regarding the zoning designation of the Plaintiffs' property located at N2807 State Road 15, Hortonia, WI (the Plaintiffs' property) which JRSCE was interested in purchasing.

402. Richeson noted a large part of the Plaintiffs' property was zoned Commercial, and he wished to use the full measure of the Plaintiffs' property to run his landscaping company.

403. In a March 4, 2019, email to Neuenfeldt, Sanders indicated that he had spoken with Richeson regarding the Plaintiffs' property zoning.

404. Sanders acknowledged the Plaintiffs' property, which was a single parcel, contained two zoning classifications and further stated, "it's not in the interest of the Town to have multiple zoning classifications on a single parcel."

405. According to Sanders, he had advised Richeson to complete and submit an Application for Zoning Change.

406. Sanders recommended the Town waive the application fee "since the multiple zoning classifications should never have been permitted."

407. Following the correspondence with Sanders and Neuenfeldt, Richeson purchased the Plaintiffs' property.

408. Access to the Plaintiffs' property, as memorialized on the Warranty

Deed received after purchase of the Plaintiffs' property, is off State Highway 15 via an "easement for ingress and egress purposes.".

409. The easement is on property owned by James Bolssen, who owns a parcel adjoining the Plaintiffs' property.

410. Relying on his discussions with Neuenfeldt, Richeson downloaded the Rezoning/Variance Request Form from the Town's website, completed it, and emailed it to Neuenfeldt on or about March 20, 2019.

411. Neuenfeldt informed Richeson there was an update to the application he had submitted that she would send him stating, "No worries I'll get you set up."

412. Richeson never received an updated application.

413. Having received no further communication from the Town about the rezoning of the Plaintiffs' property, Richeson reasonably believed, based on Neuenfeldt's assurance that she would get him set up and Sanders's stated recommendation that the Plaintiffs' property be rezoned, that the rezoning had moved forward as discussed.

414. In the fall of 2019, Richeson received further confirmation that there were no issues with the rezoning to Commercial -- on October 9, 2019, the Town issued Richeson a building permit to construct improvements on the Plaintiffs' property related to his business operations.

415. The building permit described the Plaintiffs' property zoning as "Commercial." Richeson completed the permitted improvements to the Plaintiffs'

property, in reliance on the permit and the Town's conduct, representations and assurances.

416. In February 2020, Richeson's project engineer, Jack Richeson, contacted Sanders regarding Richeson's desire to use the Plaintiffs' property for business incubators.

417. Jack indicated to Sanders that the Outagamie County website showed the Plaintiffs' property as still having the dual zoning classifications of C-1 Commercial and R-1 Residential, even though when Richeson previously brought this up to the Town in 2019, he was told it would be corrected.

418. Sanders replied that the Plaintiffs' property was never rezoned, but it would be his recommendation to rezone the Plaintiffs' property as fully residential or fully commercial and he would defer to the landowner, Richeson, to choose which one.

419. Sanders also indicated that the Town was in the process of re-writing its Zoning Ordinance so that business and manufacturing incubators would be allowed as Conditional Uses on C-1 Commercial property, thereby allowing Richeson's proposal to be conditionally permitted.

420. Throughout 2020, Richeson and Jack repeatedly contacted Town officials to set up a meeting regarding Richeson's proposal. They were told by Sanders to hold off on scheduling a meeting until the Town had officially adopted the proposed zoning ordinance changes.

421. In early 2021, Sanders informed Jack that the Outagamie County Zoning Committee unanimously approved the Town's new Zoning Ordinance, which

had specifically added business incubators as an allowable Conditional Use on C-1 Commercial properties.

422. Consequently, Richeson and Jack sent a plan and proposal to Sanders and Neuenfeldt in April 2021, and requested that a meeting be scheduled to discuss it.

### B. Plaintiffs Submit Applications For rezoning application, conditional use permit And Plan Approval.

423. On or about July 16, 2021, Richeson submitted to the Town a Conditional Use Permit Application (the "conditional use permit") and a Site Plan Application (the "Plan") for the proposed incubator business on the Plaintiffs' property.

424. Sanders reviewed and commented on the conditional use permit and the Plan via Staff Reports dated July 30, 2021.

425. In the July 30, 2021, Staff Reports, Sanders wrote the Plaintiffs' property was zoned C-1 Commercial.

426. Jack revised the Plan to satisfy Sanders's comments and resubmitted it to the Town on or about August 10, 2021.

427. He also requested notification as to when the Town meeting was to take place to vote on the conditional use permit and the Plan.

428. On or about August 17, 2021, Jack contacted Neuenfeldt because the Outagamie County records still showed the Plaintiffs' property zoned as part R-1 Residential and part C-1 Commercial.

429. Neuenfeldt replied on September 7, 2021, "This was a property that

fell through the cracks with a group of properties rezoned quite awhile ago but not recorded...I am working with the county to resolve this."

430. Neuenfeldt also stated, "Your Conditional use permit Public Hearing is being scheduled asap. I should be able to have the Board do it right before the Regular Town Board Meeting on the 21st, with final review at that Town Board meeting."

431. Neuenfeldt emailed Jack on or about September 27, 2021, indicating the Plan was approved contingent on making changes consistent with Sanders's recommendations.

432. Neuenfeldt also represented she was still working through the rezone with the county but stated that they would not be charging Richeson because this was now a "town issue."

433. She noted that she would be processing the conditional use permit and the rezone together and was working on setting a public hearing date.

434. In reliance on Neuenfeldt's representations, Richeson again submitted an Application for Zoning Change (the "rezoning application") on or about September 30, 2021, for the purpose of having the dual zoning on the Plaintiffs' property finally corrected and amended to a single zoning classification of C-1 Commercial.

435. In an October 13, 2021 email, Neuenfeldt notified Richeson that she had scheduled a public hearing for October 27, 2021, and that everything should be wrapped up by then.

436. Subsequently, in an October 26, 2021 email, however, Neuenfeldt stated – for the first time – that there were issues with the proposed driveway access that needed to be addressed with the Board.

437. Richeson and Jack attempted to contact Neuenfeldt and other Town officials, unsuccessfully, to schedule meetings with the Board and public hearings numerous times throughout the remainder of 2021.

### C. The Plan Commission Holds a Public Hearing.

438. After numerous cancelations and postponements, the Town's Plan Commission finally scheduled a public hearing for April 20, 2022, regarding the rezoning application and the conditional use permit.

439. As of the date of the public hearing, Sanders had failed to prepare a Staff Report related to the rezoning application.

440. At the public hearing, Richeson presented his applications for rezoning and for a conditional use permit.

441. Zoning Administrator Sanders was also present at the April 20, 2022 public hearing and reiterated his professional opinion that "dual zoning is problematic."

442. He explained he had not prepared a Staff Report regarding the rezoning application, although he did not indicate why.

443. The Plan Commission then asked Sanders to prepare a Staff Report on the rezoning application for them to consider and tabled their decision for a future

meeting.

### D. The Plan Commission Votes to Recommend Denial of the Rezoning Application and the Conditional Use Permit.

444. Sanders prepared a Staff Report dated April 25, 2022, regarding the rezoning application and provided that to the Plan Commission.

445. In that Staff Report, he set forth the relevant provisions of the Zoning Ordinance and reiterated that parcels should host no more than one zoning classification. Specifically, he explained the purpose and availability of C-1 Commercial zoning, R-1 Residential Zoning and the "Highway Commercial Overlay," all of which are detailed in the Town's Zoning Ordinance. He referenced the Town's Comprehensive Plan, which classified the Plaintiffs' property as being in Primary Future Residential Development, Rural Commercial and Highway Overlay District. Throughout the report, he also referenced the potential business incubator use (which related to the conditional use permit, not the rezoning application).

446. Attached to the Staff Report were two color-coded maps of the Plaintiffs' property and immediately surrounding areas – Exhibit 2 reflected the Town's Comprehensive Plan and Exhibit 3 reflected the current Zoning Districts.

447. Exhibit 2 reflected the Plaintiffs' property as having both Residential and Rural Commercial designations, as well as being within the Highway Commercial Overlay.

448. Exhibit 3 reflected multiple properties designated as C-1 Commercial sprinkled among R-1 Residential properties, including the Plaintiffs'

Property. Ultimately, Sanders determined the rezoning application could be granted or denied, leaving it in the hands of the Plan Commission.

449. On May 5, 2022, the Plan Commission met again to discuss the rezoning application and the conditional use permit.

450. The Plan Commission voted to recommend denial of the rezoning application, "based upon our comprehensive plan and all of the objections from the adjacent properties to that parcel."

451. Based upon that vote, they further voted to deny the conditional use permit.

### E. Town Board Votes to Deny the Rezoning Application and conditional use permit.

452. Ultimately, despite Richeson's receipt of numerous assurances since 2019, and his efforts to comply with every demand or request made of him by the Town since then, the Town Board voted, on May 17, 2022, to deny the rezoning application and the conditional use permit.

### F. The Plaintiffs Exercise their Right of Access to the Courts.

453. On June 16, 2022, the Plaintiffs filed Case No. 2022CV000538 in the circuit court for Outagamie County against the Town of Hortonia, seeking judicial review of the Town's decision to deny their applications for rezoning and the issuance of a conditional use permit.

454. On January 3, 2023, the Town filed its Answer, Affirmative

Defenses, and Counterclaim, in Case No. 2022CV000538. The counterclaim alleged violation of the Town's zoning ordinance by operating the Plaintiffs' landscaping business on land zoned R-1.

455. Over a year later, on January 22, 2024, the Town filed a motion for summary judgment in Case No. 2022CV000538, and the Plaintiffs filed a Motion for a final decision on their prayer for judicial review of the Town's decisions to deny their applications.

456. On March 18, 2024, the circuit court held a hearing and delivered an oral decision granting summary judgment to the Town on the Plaintiffs' Petition for Writ of Certiorari and Declaratory Judgment, but held that the Town had failed to establish a prima facie case for summary judgment on its counterclaim for violation of its zoning code and set that part of the case for further proceedings.

457. The Plaintiffs took an appeal from the portion of the circuit court's order denying their prayer for judicial review of the Town's decisions, and the parties stipulated to a stay of proceedings before the circuit court while the appeal was decided.

458. On September 16, 2025, the Wisconsin Court of Appeals affirmed the circuit court's decision denying the Plaintiffs' prayer for judicial review of the Town's decisions denying their applications for rezoning and for a conditional use permit.

459. After that, the circuit court resumed proceedings on the Town's counterclaim.

460. On June 19, 2026, the Town sought leave to amend its counterclaim, alleging that, "While this matter was pending on appeal, the Plaintiffs caused or permitted numerous shipping/storage containers—at times approximately fifty—together with dumpsters of refuse, abandoned vehicles and trailers, scrap metal, an abandoned boat, tires, wood piles, and other junk and debris, to be placed and stored outdoors on the Property," and adding a claim for violation of the Town's Public Nuisance Ordinance.

461. The nuisance claim has the potential to bankrupt the Plaintiffs, as it seeks "Forfeitures in an amount of not less than $250 per day nor more than $500 per day for each day that the Court finds JRSCE was in violation of the Public Nuisance Ordinance."

462. The Town was granted leave to proceed on its amended counterclaim on June 29, 2026.

463. The Town's addition of the nuisance claim to its counterclaim was motivated by the Town's desire to retaliate against the Plaintiff for their pursuit of judicial relief from the Town's decisions denying their applications for rezoning and for a conditional use permit.

464. The Town's addition of the nuisance claim to its counterclaim was not justified by any governmental interest, but was an expression of what the courts

have called "malignant animosity."[1]

465. Many other property owners in the Town of Hortonia have permitted numerous storage containers, dumpsters, abandoned vehicles and trailers, scrap metal, abandoned boats, tires, wood piles, and other junk and debris, to be placed and stored outdoors on their properties yet the Town has not enforced its nuisance ordinance against them. These include:

a. W9609 Bolssen Lane. The photo appears to indicate a few old shipping containers with a bunch of brush around it.

---

[1] "If the power of government is brought to bear on a harmless individual merely because a powerful state or local official harbors a malignant animosity toward him, the individual ought to have a remedy in federal court." *Esmail v. Macrane*, 53 F.3d 176, 179 (7th Cir. 1995).



b. W9555 County Road JJ. On this property there are multiple messes and multiple storage containers. This property also houses a new landscaping company that is run, on information and belief, by this property owner’s son.



c. W9526 County Road JJ. This property also has abandoned boats and cars on it.



d. W9520 County Road JJ. This property has wood piles and messes all over the property.



e. N2797 State Rd 15. A messy yard. Concrete piles. Garbage behind house.



f. W9487 County Rd JJ. Piles of old siding and debris around the property.



g. W9436 County Rd JJ. Piles of debris all over the entire property. Abandoned Boat.



h. N2857 County Road T. Garbage and Debris all over the place. Abandon vehicles. Trailer bodies used for storage. Garbage all over the back of the property.



i. W9830 Givens Road. Semi-trailer bodies used as storage.



j. W9899 Givens Rd. Tons of trailer bodies used as storage.



k. N2680 County Rd T. Debris and garbage over the property.



l. W9691 County Road JJ. Wood piles, Garbage, falling down buildings.



m. Town Chair Dennis Clegg. W9470 County JJ. Large brush pile in back. Old equipment laying all over the place.



n. W9560 County Road JJ. Garbage piles in the yard. Abandoned trailer.



o. W9566 County Road JJ. Garbage everywhere. Piles of old tires. Old empty blue barrels. Abandon vehicle and trailer.



p. W9591 Bolssen Lane (Plaintiffs' abutting neighbor). Using a Semi Trailer Body for storage. Also using his residential property for his grandson's landscaping company.



q. N2971 State Rd 15. Using semi trailer bodies for storage. Has garbage around. Piles of tires. Blue barrels around.



r. N2998 State Rd 15. Wolfraths Landscaping. Has garbage all over the property. Has abandoned items like hot tubs and empty pots. Tons of piles of pallets. Abandoned boats and vehicles. Massive brush pile.









s. N2828 Givens Rd. Shipping containers all over property. Debris pile on property.





t. N2825 Douglas St. Shipping containers on property.



u. N3045 County Rd M, Hortonia, Occupant has shipping container in plain view and runs a landscaping company on a property that it's not zoned for it.





466. Although all of these violations and others have been brought to the attention of Town authorities since the commencement of nuisance enforcement against the Plaintiffs, on information and belief, no action has been taken to enforce the Town's nuisance ordinance against these violators.

467. Enforcement action has only been taken against the Plaintiffs because of the Town's desire to retaliate against the Plaintiffs for their exercise of their right to seek judicial review of the Town's decisions denying their applications for rezoning and a conditional use permit, and because of the town's vindictive, malignant animosity toward the Plaintiffs.

## V. BASIS OF LIABILITY

### A. First Amendment

501. The Defendant Town of Hortonia has sought to enforce its nuisance ordinance against the Plaintiffs in retaliation for their exercise of their right to seek judicial review of the Town's decisions denying their applications for rezoning and a conditional use permit, which was an act protected by the First Amendment to the United States Constitution.

### B. Equal Protection Clause

502. The Defendant Town of Hortonia has sought to enforce its nuisance ordinance against the Plaintiffs solely because of its malignant and vindictive animosity toward the Plaintiffs, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## II. DAMAGES.

### A. Compensatory Damages.

601. By virtue of the unlawful actions of the Defendants alleged above, the Plaintiffs suffered injuries, for which they seek awards of compensatory damages in amounts deemed just by the Court.

## III. CONDITIONS PRECEDENT

701. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## IV. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs prays the Court to grant a judgment against the Defendant awarding them damages, costs, attorney's fees and such other and further relief as the Court deems just.

Dated this Tuesday, October 20, 2026.

Respectfully submitted,

Ryan Richeson, and
JRSCE Holdings, LLC,

Plaintiffs,

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
1025 Quinn Drive, Suite 500
Waunakee, WI 53597-2502
Phone: 608 283-6001
Fax: 608 283 0945
Email: jsolson@scofflaw.com

/s/ Jeff Scott Olson

Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF